Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| WALBERTO HERNÁNDEZ REYES<br><br>Parte Recurrida<br><br>v.<br><br>CES DENTAL GROUP LLC<br><br>Parte Peticionaria | TA2025CE00953 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2025CV03224<br><br>Sobre: Petición de Orden |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece CES Dental Group LLC (parte peticionaria) mediante *Recurso de Certiorari* incoado el 24 de diciembre de 2025. Solicita que revoquemos la *Orden* emitida y notificada el 24 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen, el TPI ratificó su decisión de denegar por tardía la moción de desestimación promovida por la parte peticionaria al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[1] La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, faculta a este foro intermedio a intervenir con una resolución interlocutoria del tribunal primario cuando se trate de la denegatoria de una moción dispositiva, como lo es una moción de desestimación.[2] Para dicha

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[2] *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011).

tarea, la Regla 40 del Reglamento del Tribunal de Apelaciones[3] establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.

Sin embargo, el auto de *certiorari* es un vehículo procesal discrecional.[4]   Por ello, los tribunales apelativos no debemos interferir con las determinaciones interlocutorias discrecionales procesales de los foros de primera instancia, salvo cuando dicho foro haya incurrido en arbitrariedad, en un craso abuso de discreción o en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[5]

En el presente caso, evaluado el escrito y los documentos anejados a éste, y en ausencia de una demostración clara de que el TPI actuó de manera arbitraria o caprichosa al denegar por tardía la moción de desestimación de la parte peticionaria, o que se equivocó en la interpretación o aplicación de cualquier norma de derecho, nos abstenemos de ejercer nuestra función revisora.  En virtud de lo anterior, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[6], denegamos expedir el auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

[4] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).

[5] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[6] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra.*